## GIBSON v. FULLER.

WILLS—DEEDS—ESTOPPEL.—Under a will devising a tract of land "to be reserved from sale during the natural life of my wife Elizabeth for a home and for the support of my wife and children * * * and at her death the above named tract of land to be sold by my executors and to be equally divided between my wife and children," the children during life of widow and with her consent may partition the land among them, and the vendee of one child accepting the part allotted to her and taking deed from her mother is entitled to immediate possession, and such child is estopped by the partition agreement from claiming any part of the portion allotted to another child.

Before GAGE, J., Lexington, February, 1906. Affirmed.

Action by Sallie A. Gibson against L. W. Fuller and Louisa R. Fuller. The circuit decree is as follows:

"Action to recover 656 acres of land. Trial by jury waived by written consent of the parties, and the cause referred to Samuel B. George, Esq., as special referee.

"The report is in favor of the plaintiff, and the defendants except on six grounds. The parties claim from a common source, to wit: the will of their father, Jesse Julian. By that will the land in issue was devised to the widow, Elizabeth, during her natural life and for a support for her and her children, Sampson, Miles, Louisa and Sallie; and at the death of the widow the land was directed to be sold and the proceeds directed to be equally divided between the said children.

"The widow yet lives, Sampson is an inmate of the asylum for the insane for twenty-five years, Miles is dead without issue, Sallie and Louisa are carrying on the controversy.

"I cannot sustain the chief contention of the defendants, that Mrs. Julian, the widow, had no power or authority to convey to her daughter any estate she had in the land.

"The testator intended the land to be enjoyed finally by his named children, now represented by Sampson, Sallie and Louisa. The widow had the right to hold it for her and

their benefit, during her life. She had the right and power to surrender that dominion. Has she done it?

"(1) The plaintiff has· proved a deed from the widow· to herself and Sampson for 323 5-8 acres, expressed to be one-third of the whole tract of land.

"(2) She has proved a deed from the widow to Louisa for 218½ acres, expressed to be one-third of the whole tract of land.

"(3) She has also proved a deed from Louisa to her, for the parcel next above referred to, to wit: 218½ acres. She has shown no other title, by paper or by possession.

"The second deed above referred to is altogether explicit, and shows on its face that Louisa intended to take for her share the one-third of the land, leaving one-third to Sallie and one-third to Sampson. The execution of the deed was proven by Louisa's husband, who signed it as a witness.

"I have no doubt this deed was accepted by Louisa in pursuance of an agreement for partition of the estate between herself and Sallie and Sampson, before the old lady's death, and to which agreement the old lady was, of course, a party. Louisa may inherit a part of the estate hereafter from Sampson, if she should survive him; but she has no present estate in the lands.

"The plaintiff, then, has proven title in herself to 218½ acres as described in the deed; and she has proven title in herself to one-half of 323 5-8 acres, the other half thereof belonging to her as trustee for Sampson, and is not in issue.

"The testimony of plaintiff makes reference to '161 acres left to Mrs. Hill.' As to that, the referee makes no finding, and it does not appear how plaintiff ever got that, if she got it at all.

"The referee makes no finding on the amount of damage done to the land by defendant.

"I am, therefore, of the opinion that plaintiff is entitled to recover and have possession of 218½ acres, * * * and also one-half of the 323⅝ acres. * * * "

From this decree, defendants appeal.

*Mr. Pringle T. Youmans,* for appellants, cites: *As to construction of will:* Moorman's Manual, 5, 6, 7, *et seq.   Widow cannot surrender her trust:* 20 Wend., 53.

*Messrs. Thurmond & Timmerman,* contra, cite: *Owner of a present, expectant or contingent estate may convey it:* 13 Cyc., 658.

July 16, 1906.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   In this action to recover the possession of land, trial by jury was waived and the cause was tried by consent before the Judge on the report of the referee. Hence all the facts must be regarded as finally resolved in favor of the plaintiff, who was adjudged entitled to recover a part of the land in question.

Reference may be had to the decree of Judge Gage, reported herewith, for the facts, so far as they appear in the record.   Both parties claim under the will of Jesse Julian, which contains this provision embracing the land in dispute:

"To my beloved wife Elizabeth I give my home place that I now reside at, which tract of land containing six hundred and fifty-six acres more or less, to be reserved from sale during the natural life of my wife Elizabeth for a home and for the support of her and my children, viz: Sampson, Coppock, Sallie Ann, Miles Puckett and Louisa Rhoda, and at her death the above named tract of land to be sold by my executors and to be equally divided between my wife and children, the balance or remainder of my estate both personal and real to be sold by my executors and to be equally divided between my wife and children to share and share alike; with this provision that in view of the present crisis of our government and the pressure of the times I empower my executors to defer the sale of a part or all my estate: provided in the exercise of their judgment they may think it best for the interest of my wife and children; and further provided that they do not defer said sale longer than three years after my death."

Judge Gage construed this will as devising the land in issue to the widow Elizabeth during her natural life and for a support for her and her children, Sampson, Miles, Louisa and Sallie, and at the death of the widow the land was directed to be sold and the proceeds directed to be equally divided between the said children. No error is assigned to this construction, but the exceptions charge error, (1) in holding that the widow could convey an estate in the lands devised; (2) in holding that Louisa had such interest therein as she could alien by deed.

It appears that a partition of the land was had among the parties interested and that the defendant Louisa Fuller accepted a deed from the widow for 218½ acres described in pursuance of an agreement for partition, and that defendant conveyed said 218½ acres to plaintiff. The terms of the deed, however, are not set forth in the record. The defendant having accepted the 218½ acres as her share of the land and conveyed the same to plaintiff, is estopped to deny plaintiff's right to recover the same.

With respect to the 323 5-8 acre tract conveyed by the widow to plaintiff and Sampson under said partition agreement, the defendant Louisa Fuller is estopped by said partition agreement to claim any other interest in the premises than the 218½ acres conveyed to her. Louisa Fuller, being *sui juris,* could convey whatever interest she had in the premises, whether under the will or under an agreement of partition, and is bound thereby. She claims under no other right, and her husband, who is also defendant, claims no other right in the premises than belongs to her.

We see no ground under the exceptions to disturb the judgment of the Circuit Court, and it is, therefore, affirmed.